IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE E. CROSS, | No. CIV S-10-0521-CMK-P |
| Petitioner, | |
| vs. | ORDER |
| PEOPLE OF CALIFORNIA, | |
| Respondent. | |
| _____/ | |

      Petitioner, a state prisoner proceeding pro se, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Pending before the court are: (1) petitioner's response to the court's April 26, 2010, order to show cause (Doc. 18); (2) petitioner's motion for appointment of counsel (Doc. 19); and (3) petitioner's motion for leave to proceed in forma pauperis (Doc. 16).

      On March 19, 2010, the court issued orders directing petitioner to: (1) submit a completed application for leave to proceed in forma pauperis or otherwise resolve the fee status for this case; and (2) file an amended petition naming the proper respondent.  Petitioner was warned that failure to comply may result in dismissal of the action.  See Local Rule 110.  To date, petitioner has not complied.  As of April 26, 2010, petitioner had not fully complied.

Specifically, while he had filed a completed in forma pauperis application on April 21, 2010, he had not filed an amended petition naming the proper respondent. Given petitioner's failure to comply, the court directed petitioner to show cause why this action should not be dismissed for failure to comply with court orders.

Petitioner filed a response to the order to show cause on May 10, 2010. In his response, petitioner states that he filed a request to amend shortly after the court's original March 2010 order was issued. A review of the docket does indeed reflect that, on March 23, 2010, petitioner filed a document entitled "Request Leave to Amend" to name Sheriff Sandra Hutchins as the proper respondent to this action. This request, however, does not constitute compliance with the court's March 19, 2010, order which directed petitioner to file an amended petition, not to request leave to amend. Leave of court to amend is not required because the court has specifically directed petitioner to file an amended petition. The court will provide petitioner an additional opportunity to submit an amended petition which sets forth his claims and names the correct respondent. Petitioner is again cautioned that failure to comply may result in dismissal of this action. See Local Rule 110. In the meantime, the April 26, 2010, order to show cause will be discharged.

Turning next to petitioner's motion for appointment of counsel, there currently exists no absolute right to appointment of counsel in habeas proceedings. See Nevius v. Sumner, 105 F.3d 453, 460 (9th Cir. 1996). However, 18 U.S.C. § 3006A authorizes the appointment of counsel at any stage of the case "if the interests of justice so require." See Rule 8(c), Fed. R. Governing § 2254 Cases. In the present case, the court does not find that the interests of justice would be served by the appointment of counsel at the present time.

Turning finally to petitioner's motion for leave to proceed in forma pauperis, petitioner has submitted the affidavit required by 28 U.S.C. § 1915(a) showing that petitioner is unable to prepay fees and costs or give security therefor. The request will be granted.

///

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's motion for appointment of counsel (Doc. 19) is denied without prejudice to renewal, at the earliest, after an answer to the petition has been filed;

2. Petitioner's motion for leave to proceed in forma pauperis (Doc. 16) is granted;

3. The order to show cause issued on April 26, 2010, is discharged; and

4. Petitioner shall file an amended petition within 30 days of the date of this order.

DATED: May 13, 2010

*Craig M. Kellison*
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE