# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

GEORGE E. CROSS,                                No. CIV S-10-0521-CMK-P

    Petitioner,

  vs.                                             ORDER

PEOPLE OF CALIFORNIA,

    Respondent.

_____/

        Petitioner, a state prisoner proceeding pro se, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pending before the court is petitioner's response to the court's June 25, 2010, order to show cause.

        A review of the docket reflects the following history, as outlined in the June 2010 order:

> . . . On March 19, 2010, the court dismissed petitioner's original petition with leave to amend because petitioner had not named the proper respondent. Petitioner was directed to file an amended petition within 30 days. As of April 26, 2010, petitioner had not complied and the court issued an order directing petitioner to show cause why this action should not be dismissed. In a return filed on May 10, 2010, petitioner stated that he filed a request for leave to amend shortly after the March 2010 order was issued. On May 14, 2010, the court issued an order discharging the order to show cause and providing petitioner an additional

1 opportunity to comply. The court stated:

2 . . . A review of the docket does indeed reflect that, on March 23, 2010, petitioner filed a document entitled "Request Leave to Amend" to name Sheriff Sandra Hutchins as the proper respondent to this action. This request, however, does not constitute compliance with the court's March 19, 2010, order which directed petitioner to file an amended petition, not to request leave to amend. Leave of court to amend is not required because the court has specifically directed petitioner to file an amended petition. The court will provide petitioner an additional opportunity to submit an amended petition which sets forth his claims and names the correct respondent. . . .

Apparently in response to this latest order, petitioner filed a one-page document entitled "Amended Petition." This document, however, is not a complete petition. Petitioner was directed to file an amended petition which: (1) sets forth his claims; and (2) names the correct respondent. To this end, the court forwarded to petitioner the form habeas application used in this court. Instead of filing a complete petition as directed, petitioner has filed a document in which he states: "Pursuant to this court's order to amend the correct respondent, petitioner is now following that order naming the Orange County Sheriff Sandra Hutchins as the respondent who has custody over petitioner."

In his response to the June 2010 order to show cause, petitioner now states that he would like "the original writ filed be used as the courts claim being requested for being addressed." Petitioner states that he is unable to file an amended petition as directed due to "inability to copy documents at the County Jail. . . ."

The court finds petitioner's response inadequate to avoid dismissal for lack of prosecution. Specifically, petitioner has been advised that the action cannot proceed on the original petition because petitioner has not named the correct respondent and petitioner has still not filed an amended petition. As to the alleged inability to copy documents, the court finds this excuse somewhat disingenuous given the numerous miscellaneous filings by petitioner between March and July 2010.

/ / /

/ / /

/ / /

The court must weigh five factors before imposing the harsh sanction of dismissal.  See Bautista v. Los Angeles County, 216 F.3d 837, 841 (9th Cir. 2000); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987).  Those factors are:  (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its own docket; (3) the risk of prejudice to opposing parties; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.  See id.; see also Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) (per curiam).  A warning that the action may be dismissed as an appropriate sanction is considered a less drastic alternative sufficient to satisfy the last factor.  See Malone, 833 F.2d at 132-33 & n.1.  The sanction of dismissal for lack of prosecution is appropriate where there has been unreasonable delay.  See Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986).  Dismissal has also been held to be an appropriate sanction for failure to comply with an order to file an amended complaint.  See Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992).

Having considered these factors, the court finds that this action should be dismissed, without prejudice, for failure to comply with the court's orders to file an amended petition naming the correct respondent.

Accordingly, IT IS HEREBY ORDERED that:

1. This action is dismissed without prejudice;

2. All pending motions and requests are denied as moot; and

3. The Clerk of the Court is directed to enter judgment of dismissal and close this file.

DATED: August 11, 2010

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE